# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>26FOREVER, INC., a California Corporation; FOREVER 26, a Business Entity Form Unknown; MAGIC PRICE, INC., a California Corporation; $2 ONLY CLOTHING, a Business Entity Form Unknown; IRAJ NATAN, an Individual; EVERYTHING $5.99, a Business Entity Form Unknown; IMELDA ORONA, an Individual; and DOES 1 through 10, Inclusive,<br><br>　　　　　Defendants. | Case No.: CV10-04331 CBM (SSx)<br><br>**FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT $2 ONLY CLOTHING** |

The Court, pursuant to the Stipulation for Entry of Final Judgment, including Permanent Injunction, by and between Plaintiff FOREVER 21, INC. ("Plaintiff"), on the one hand, and Defendant $2 ONLY CLOTHING ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that final judgment, including permanent injunction, shall be and hereby is entered on the First Amended Complaint in favor of Plaintiff and against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUCTION.** Defendant and any person or entity acting in concert with, or at the direction of it, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a) importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering for sale, selling, transferring, brokering, consigning, distributing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting of unauthorized and counterfeit Forever 21 product utilizing the FOREVER 21 Marks identified in the First Amended Complaint and any other unauthorized Forever 21 product utilizing the FOREVER 21 Marks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b) importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering for sale, selling, transferring, brokering, consigning, distributing, shipping, licensing, developing, displaying, delivering, marketing, advertising or promoting of infringing and diluting product identified in the First Amended Complaint and any other product which infringes or dilutes any of the FOREVER 21 Marks, trade name and/or trade dress including,

but not limited to, any of the FOREVER 21 Marks at issue in this action.

    c)     The unauthorized use, in any manner whatsoever, of any Forever 21 trademark, trade name and/or trade dress including, but not limited to, the FOREVER 21 Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    i.     on or in conjunction with any product or service; and

    ii.     on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d)     The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Defendant originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e)     Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendant itself is connected with, or is in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise has a business relationship with Plaintiff.

    f)     Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

    g)     Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels,

hangtags, packaging or containers bearing any of the FOREVER 21 Marks; and/or

    h) Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of the FOREVER 21 Marks or which otherwise refer or relate to Plaintiff or any of the FOREVER 21 Marks.

2. This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon Defendant at the time of its execution by the Court.

3. The Court finds there is no just reason for delay in entering this Final Judgment, including Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Final Judgment, including Permanent Injunction, against Defendant.

4. Plaintiff is entitled to recover and Defendant shall pay to Plaintiff the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) for each incident or occurrence constituting breach of this Permanent Injunction by Defendant. In addition, Plaintiff shall have the right to recover sanctions against Defendant, including but not limited to, sanctions for contempt of Court for each incident or occurrence constituting breach of this Permanent Injunction by Defendant.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Final Judgment, Including Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, Including Permanent Injunction, and the Permanent Injunction herein.

6. **NO FEES AND COSTS.** Each party shall bear its own attorneys' fees and costs incurred in this matter. However, in the event of breach of this Permanent Injunction by Defendant, Plaintiff shall recover all attorneys' fees and

costs incurred in seeking enforcement of this Final Judgment, including Permanent Injunction.

    IT IS SO ORDERED, ADJUDICATED and DECREED this 13th day of July, 2011.

_____
HON. CONSUELO B. MARSHALL
United States District Judge